FILED

MAY 29 2008

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON THE WEBSITE

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 07-27879-D-11 |
| | ) Docket Control No. [none] |
| OLGA LARREA NOGUES, | ) |
| | ) |
| Debtor. | ) |
| _____ | ) |

This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.

### MEMORANDUM DECISION ON
### PEREMPTORY CHALLENGE/MOTION FOR DISQUALIFICATION

On September 26, 2007, Olga Larrea Nogues (the "debtor") filed a voluntary chapter 11 petition.[1] No trustee has been appointed in the debtor's chapter 11 case, and the debtor is managing her affairs as a debtor-in-possession. On May 13, 2007, the debtor filed a Peremptory Challenge to Judge Robert S. Bardwil, a Notice of Motion/Motion for Peremptory Challenge to Judge Bardwil, and an Affidavit in Support of Peremptory Challenge to Judge Robert S. Bardwil (the "Affidavit in Support of Peremptory Challenge"). The court construes these pleadings as a motion to recuse or disqualify

---

[1] Unless otherwise indicated, all Code, chapter, section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated prior to the effective date (October 17, 2005) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005).

the undersigned (the "Motion to Disqualify"). The court conducted a hearing on the Motion to Disqualify on May 21, 2008,[2] and for the reasons set forth below, the motion will be denied.

### I. BACKGROUND

Some background on a number of related cases is necessary to put the Motion to Disqualify, and the debtor's case, into context. The debtor is the mother of Alma Triche-Winston, and Alma Triche-Winston is the domestic partner of Charel Winston. Since December 2006, Charel Winston has filed three bankruptcy cases, all of which have been dismissed, and all of which were pending before this court.[3] Alma Triche-Winston currently has a chapter 11 case pending before this court, as Case No. 07-30155. All three of Charel Winston's bankruptcy cases, Alma Triche-Winston's pending chapter 11 case, and the debtor's case qualify as "related cases" under Local Bankruptcy Rule 1015-1(b).

The debtor has listed on her Schedule A an ownership interest in the real property commonly referred to 2000 Arroyo Vista Way, El

---

[2] The debtor's motion fails to comply with Local Bankruptcy Rule 9014-1(f), which requires a minimum of 14 days' notice for hearing. However, because there was no objection, the court held the hearing on the Motion to Disqualify on less than 14 days' notice.

[3] Charel Winston filed her first bankruptcy case on December 11, 2006, as Case No. 06-25276. This case was filed as a skeletal chapter 13, and was automatically dismissed pursuant to § 521(i) for failure to file documents within forty five days of the petition date. Almost immediately thereafter, on January 30, 2007 Charel Winston filed her second case, as Case No. 07-20593. This too was filed as a skeletal chapter 13. This second case was dismissed on June 6, 2007 as a result of Charel Winston's failure to obtain pre-petition credit counseling. Within a week of the dismissal of her second case, Charel Winston filed a third case, as Case No. 07-24447. This third case was filed as a skeletal chapter 11 case and was dismissed on February 1, 2008.

Dorado Hills, California (the "Property"). Charel Winston listed an ownership interest in the Property in each of her three bankruptcies, and Alma Triche-Winston has listed an ownership interest in the Property in her chapter 11 case. The debtor's Schedule D indicates that Greenpoint Mortgage Funding, Inc. ("Greenpoint") is secured by a deed of trust on the Property.

On October 22, 2007, Greenpoint filed a motion for relief from stay in the debtor's case, which came on for hearing on November 28, 2007. At the relief from stay hearing the court asked the debtor whether anyone had advised her to file bankruptcy, and how she made the decision to file her chapter 11 case. In response, the debtor indicated that her daughter, Alma Triche-Winston, and Charel Winston advised her to file her chapter 11 case, and that they prepared her schedules and statement of financial affairs. The debtor further indicated, she did not closely review her schedules and statement of financial affairs prior to signing them, but rather assumed that Alma Triche-Winston, and Charel Winston had accurately reported her financial affairs in these documents.

The court granted Greenpoint relief from stay at the November 28, 2007 hearing, and made detailed findings of facts and conclusions of law on the record. The court's finding and conclusions included the following: (1) that there were multiple and significant inaccuracies in the debtor's schedules and statement of financial affairs; (2) that as a result of the three prior bankruptcy cases filed by Charel Winston, the automatic stay had prevented Greenpoint from enforcing its lien right against the Property dating back to December 2006; (3) that the value of the Property had depreciated since December 2006, and that during this

time period the obligation to Greenpoint had increased; (4) that no payments had been made to Greenpoint since at least March 2006; and (5) Greenpoint's interest in the Property was not adequately protected.

Immediately after the court granted Greenpoint relief from stay in the debtor's case, Alma Triche-Winston filed her chapter 11 case on November 28, 2007. As a result of Alma Triche-Winston's chapter 11 filing, Greenpoint was again stayed from enforcing its lien rights against the Property.

## II. ANALYSIS

### A. Legal Standards for Disqualification

This court has jurisdiction over the Motion pursuant to 28 U.S.C. sections 1334 and 157(b)(1). The Motion is a core proceeding under 28 U.S.C. section (b)(2)(A) & (O); In re Betts, 143 B.R. 1016, 1018 (Bankr. N.D. Ill. 1992).

"A bankruptcy judge shall be governed by 28 U.S.C. § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstance arises, or, if appropriate, shall be disqualified from presiding over the case." Fed. R. Bankr. P. 5004(a).

Section 455 of Title 28 provides in part as follows:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> > (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

- 4 -

The Code of Conduct for United States Judges (the "Code of Conduct") mirrors the provisions of 28 U.S.C. § 455. The Code of Conduct requires that "every judicial officer must satisfy himself that he is actually unbiased towards the parties in each case and that his impartiality is not reasonably subject to question." Bernard, 31 F.3d at 843. Under this standard, the judge must not only be subjectively confident that he is unbiased; it is also objectively necessary that "an informed, rational, objective observer would not doubt his impartiality." Id. at 844, citing United States v. Winston, 613 F.2d 221, 222 (9th Cir. 1980). However, "to say that § 455(a) requires concern for appearances is not to say that it requires concern for mirages." United States v. El-Gabrowny, 844 F. Supp. 955, 961 (S.D.N.Y. 1994). As such, recusal must be based on factors in the record and in the law. Id. at 962.

Cases applying recusal statutes apply a presumption of impartiality. E.g. In re Larson, 43 F.3d 410, 414 (8th Cir. 1994) (judge presumed impartial; parties seeking recusal bear "substantial burden" of proving otherwise); First Interstate Bank v. Murphy, Weir & Butler, 210 F.3d 983, 987 (9th Cir. 2000) ("Judicial impartiality is presumed"); In re Spirtos, 298 B.R. 425, 431 (Bankr. C.D. Cal. 2003) ("A judge is presumed to be qualified to hear a matter and the burden is upon the moving party to prove otherwise").

It is not a basis for disqualification that a party to a proceeding disagrees with the court's ruling. The cases are uniform that a "judge's adverse rulings in the course of a judicial proceeding almost never constitutes a valid basis for

1 | disqualification based on bias or partiality."  12 James Wm. Moore, Moore's Fed. Practice § 63.21(4), at 63-39 (3d. Ed. 2006) (citing cases); see also Liteky, 510 U.S. at 554-55.

B.  Discussion

The Motion to Disqualify is based on the debtor's dissatisfaction with the court's rulings in her case, and in her daughter's case.  The debtor asserts that the court improperly granted Greenpoint relief from stay at the November 28, 2007 hearing.  (Affidavit in Support of Peremptory Challenge at ¶ 4.)  The debtor then goes on to complain, that "on or about January 13, 2008 Judge Bardwil incorrectly determined that my daughter, Triche-Winston's bankruptcy petition, No. 07-30155-D-7, was allegedly filed in bad faith on November 28, 2007 for the purpose of delaying creditors."  (Affidavit in Support of Peremptory Challenge at ¶5).  The debtor's basis for seeking recusal or disqualification of the undersigned is her disagreement and dissatisfaction with the court's prior rulings; however a party's disagreement with the court's rulings, is not a basis for recusal or disqualification.  See Liteky, supra at 554-555.

The undersigned is satisfied that he is actually unbiased toward the debtor.  Further, the undersigned cannot conclude that the grounds advanced by the debtor for disqualification, disagreement with prior rulings, are such that would cause a reasonable person with knowledge of all the relevant facts to question the impartiality of the undersigned.  Accordingly, the Motion to Disqualify will be denied.

A separate order will be entered consistent with this memorandum decision.

| | |
|---|---|
| Dated: MAY 29 2008 | *Robert Bardwil*<br>Robert S. Bardwil<br>United States Bankruptcy Judge |

**CERTIFICATE OF MAILING**

I, Andrea Lovgren, in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, mailed by ordinary mail a true copy of the attached document to each of the parties listed below:

Office of the US Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Olga Nogues
2000 Arroyo Vista Way
El Dorado Hills, CA 95762

DATE: MAY 29 2008

_Andrea Lovgren_
Deputy Clerk